IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANISHA TASBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-910-S-BN |
| | § | |
| RENT RECOVERY SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tanisha Tasby filed a *pro se* complaint alleging that Defendant Rent Recovery Solutions ("RRS") violated the Fair Debt Collection Practices Act ("FDCPA"). *See* Dkt. No. 3. Tasby also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So the presiding United States district judge referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Tasby's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

### Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

Tasby alleges that she has "exhausted all ways to settle [an] alleged debt with" RRC, which Tasby alleges is a "debt collector"; that she "never signed a contract or [did] business with" RRC; that RRC "illegally furnished [the] alleged debt on [her] consumer report"; and, more specifically, that RRC violated 15 U.S.C. § 1692g by not responding to requests to validate the debt. Dkt. No. 3 at 1.

"The FDCPA was enacted in part 'to eliminate abusive debt collection practices by collectors.'" *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020) (quoting 15 U.S.C. § 1692(e)).

> For purposes of the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [15 U.S.C.] § 1692a(6). There are two categories of debt collectors: those who collect debts as the "principal purpose" of their business, and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (per curiam).

*Bent v. Mackie Wolfe Zientz & Mann, P.C.*, No. 3:13-cv-2038-D, 2013 WL 4551614, at *3 (N.D. Tex. Aug. 28, 2013).

> [And d]ebt collectors are required, within five days of the initial communication regarding a debt, to provide consumers with a written notice that contains this information: (1) "the amount of the debt"; (2) "the name of the creditor to whom the debt is owed"; (3) a statement that unless the consumer "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (4) a statement that if the consumer notifies the collector that the consumer is disputing the debt in writing within the 30 day period, "the debt collector will obtain verification of the debt [from the creditor] ... and a copy of [the] verification ... will be mailed to the consumer"; and (5) "a statement that, upon the consumer's written request," the debt collector will give the consumer "the name and address of the original creditor, if different from the current creditor."

*McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) (quoting 15 U.S.C. § 1692g(a)).

So, to plausibly allege any violation of the FDCPA, a complaint must include facts to show, or from which the Court may infer, that a defendant is a debt collector.

But Tasby alleges no facts to plausibly plead that RRC is a debt collector under the statute.

And, even at the pleadings stage, the Court need not accept a mere allegation that a particular defendant is a statutory debt collector. *See Bent*, 2013 WL 4551614, at *3 ("Plaintiffs' assertion that Defendant undertook the role of 'debt collector' is a legal conclusion that courts are not bound to accept as true." (citing *Iqbal*, 556 U.S. at 678)).

So insufficient facts in the complaint to plausibly allege that RRC undertook the role of "debt collector" "is fatal to [Tasby's] FDCPA claims." *Id.* (citations omitted); *see also Rushing v. Exeter Fin. LLC*, No. 3:22-cv-1704-G-BT, 2022 WL 17083660, at *3 (N.D. Tex. Oct. 26, 2022) ("Rushing does not allege facts to plausibly plead that Exeter is a debt collector, as that term is defined by the FDCPA. Rather, the term

'debt collector' specifically refers to those who are collecting a debt on behalf of another. It does not apply to creditors – like Exeter – who are collecting their own debts." (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citations omitted)))), *rec. accepted*, 2022 WL 17084143 (N.D. Tex. Nov. 17, 2022).

The Court should therefore dismiss Tasby's complaint.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Tasby an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Tasby fails to satisfactorily show – through timely objections – a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

## Recommendation

Unless Plaintiff Tanisha Tasby satisfactorily shows through timely objections

a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE